GEORGE A. DU TOIT v. VILLAGE OF BELVIEW.[1]

January 20, 1905.

Nos. 14,155—(197).

**Village Debt.**

Chapter 257, p. 638, Laws 1895, authorizing certain villages to incur an indebtedness in the purchase of fire extinguishing apparatus, construed, and *held* not void for uncertainty.

**Contract Valid.**

*Held*, further, that the contract involved in this case, entered into under that statute, was not ultra vires and void because of the fact that the village and the town in which it is located constituted one district for purposes of taxation.

Action in the district court for Redwood county to recover $750 and interest upon certain village orders given by defendant in part payment for a chemical fire engine, which orders were thereafter assigned to plaintiff. The case was tried before Webber, J., who found in favor of plaintiff for the sum demanded. From a judgment entered pursuant to the findings, defendant appealed. Affirmed.

*A. C. Dolliff*, for appellant.

*W. C. Odell*, for respondent.

BROWN, J.

In 1898 the village council of the village of Belview, this state, being of the opinion that the public interests required better protection from fire than was then afforded by the facilities possessed by the village, purchased from Baldwin Bros., manufacturers and dealers in chemical fire engines, and other apparatus for extinguishing fires, a sixty-gallon steel chemical fire engine, for the agreed price of $850. The engine was thereafter duly delivered to the village, and it has since retained possession of the same. In payment of the purchase price, village orders were issued and delivered to Baldwin Bros., a number of which were thereafter assigned and transferred to this plaintiff, who is now the owner of the same. The orders were duly presented for pay-

1 Reported in 102 N. W. 216.

ment at their maturity, payment was refused, and plaintiff brought this action to recover thereon. Defendant interposed in defense that at the time the contract was entered into, by which the fire engine was purchased by defendant, the village of Belview was, a joint election and assessment district with the town of Kintire, in which the village is situated, and that in consequence of this the village had no authority to enter into the contract, and the same was wholly ultra vires and void. The trial court found the facts substantially as stated, and ordered judgment for plaintiff, from which defendant appealed.

Two points are presented in this court: (1) Whether chapter 257, p. 638, Laws 1895, under which it is claimed the council acted in buying the fire engine, is void for uncertainty; and (2) if the act be valid, whether the village had power and authority under it to purchase the engine while it was a joint election and assessment district with the town of Kintire.

1. The act of the legislature above referred to is somewhat indefinite and uncertain. But irrespective of that act, the village council was authorized by subdivision 10, § 1224, G. S. 1894, to enter into the contract for the purchase of the fire engine. That statute confers power upon villages to "provide protection from fire by the purchase of fire engines and all necessary apparatus for the extinguishment of fires," and is ample to cover the case at bar. But while chapter 257, supra, is somewhat uncertain in its language, the liberal rules guiding the courts in construing legislative enactments warrant us in holding that it is not void for ambiguity. It expressly confers upon the council or trustees of villages power to purchase fire apparatus and appliances for the protection of the citizens of the village from fire. The portion of the act providing that the cost of the apparatus so purchased shall not exceed "the maximum amount named in such petition" may be rejected as surplusage, for the act has no reference to a petition being presented to the council for their action.

2. The second proposition made by appellant, viz., that the contract for the purchase of the fire engines was void and ultra vires because the village was a part of the same election and assessment district as the town of Kintire, does not require extended mention. Chapter 257 limits, it is true, the amount the village council may expend in the purchase of fire extinguishing apparatus to five per cent. of the assessed valuation

as shown by the latest assessment roll of the real and personal property of the village; and the contention is that because the village and town were, for the purposes of taxation, one assessment district, there was no latest assessment roll of the real and personal property of the village by which the council could be guided in fixing the amount to be expended under the law. There is, however, no claim that the amount of the indebtedness created by this transaction exceeded the limit fixed by that statute, and, it not so appearing, the contract cannot be declared void. The territorial limits of the village were defined when created and organized, and the real and personal property located within those limits could easily be ascertained from the assessments returned by the town assessor.

The purpose of the legislature in fixing this limitation was to compel the village authorities to keep within due bounds and not incur an indebtedness beyond the ability of the municipality to meet, and the valuation of the property located within the village must be taken as the test in determining to what extent the council might incur a debt for fire extinguishing apparatus. The fact that the village was not a separate district for purposes of taxation, and that no separate levy of taxes upon village property to pay the debt could be made, does not render the contract beyond the power of the village council. The debt might be paid from funds in the village treasury acquired otherwise than by taxation. The village council was authorized to create the debt, and obstacles in the way of acquiring funds with which to pay the same concerned only the creditor. If he was willing to take his chances in that respect, the village ought not to complain.

We discover no reason for disagreeing with the trial court, and the judgment appealed from is affirmed.